The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | No. CR06-5637 BHS |
|---|---|
| Plaintiff, | |
| v. | ORDER OF TRANSFER |
| ARTURO REYES-RODRIGUEZ, | |
| Defendant. | |

Arturo Reyes-Rodriguez, a federal prisoner at CI Adams County in Natchez, Mississippi, has filed a "Motion to Modify Sentence for Credit for Time Served in State Custody" in this district. Dkt. 212. In this Motion, he seeks credit toward his current federal sentence for custodial time he spent in custody in Pierce County, Washington, that he claims was for the same offenses as were later charged federally. His Motion includes Pierce County documentation in support of this assertion.

Title 28, United States Code, Section 2241 grants federal district court judges the authority to grant a writ of habeas corpus to a prisoner who is being incarcerated in violation of the Constitution or law of the United States. This power extends to reviewing challenges to the BOP's decisions regarding execution of federal criminal

Order of Transfer
*US v. Arturo Reyes-Rodriguez; CR06-5637 BHS* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentences, including calculation of release date. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Accordingly, Reyes-Rodriguez's request for judicial review of the BOP's calculation of his release date and for an order granting him earlier release is properly construed as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2241.

However, district court authority to issue writs of habeas corpus is limited to matters "within their respective jurisdictions." 28 U.S.C. § 2241(a). For habeas petitions in which the request for relief involves release from physical custody, the only proper venue lies in the district of confinement, because the court considering the writ must have jurisdiction over the custodian. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In this case, the proper respondent for Reyes-Rodriguez's motion is the Warden of the facility at which he is confined, and the only district court with jurisdiction to grant the requested relief is the judicial district with jurisdiction over this Warden. *See Padilla*, 542 U.S. 426, 443 (2004). Accordingly, as provided by 28 U.S.C. § 2241(b), this Court must "transfer the application for hearing and determination to the district court having jurisdiction to entertain it." CI Adams County is in Natchez, Mississippi, in the Southern District of Mississippi. Hence, this action must be transferred there.

//

//

Order of Transfer
*US v. Arturo Reyes-Rodriguez; CR06-5637 BHS* - 2

1     IT IS THEREFORE ORDERED that Reyes-Rodriguez's Motion to Modify
2 Sentence, Dkt. 212, shall be construed as a request for a writ of habeas corpus pursuant to
3 28 U.S.C. § 2241.
4     IT IS FURTHER ORDERED that, as provided by 28 U.S.C. § 2241(b), his Motion
5 is transferred to the Southern District of Mississippi for consideration.  The Clerk of this
6 Court is directed to take such actions as necessary to implement this transfer and service
7 upon the appropriate parties in the Southern District of Mississippi without unreasonable
8 delay.
9     DATED this 20th day of November, 2018.

                                BENJAMIN H. SETTLE
                                United States District Judge

Order of Transfer
US v. Arturo Reyes-Rodriguez;  CR06-5637 BHS  - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970